UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIJAH POGUE,<br><br>                              Plaintiff,<br><br>             -against-<br><br>CRUZ; HARRISON; LOUGHRAN; S.<br>CAMPBELL; MITCHELL CHESS; JANE DOE<br>#1-#3; AND JOHN DOE #1-#2,<br><br>                              Defendants. | 25-CV-6349 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is incarcerated at Lakeview Shock Correctional Facility, brings this Action, pro se, under 42 U.S.C. § 1983, alleging that when he was incarcerated at Fishkill Correctional Facility, Defendants forced him to fight another incarcerated individual. (*See generally* Compl. (Dkt. No. 1).) He also alleges that the medical staff at Fishkill denied him necessary medical attention for a fractured bone he sustained during the fight. (*Id.*) He names as Defendants Sergeant Cruz, Officer Harrison, Officer Loughran, x-ray Technician Mitchell Chess, Nurse S. Campbell, and five Jane and John Doe nurses. (*Id.*) By order dated September 3, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1] (Order Granting IFP (Dkt. No. 7).)

As set forth below, the Court directs the Clerk of Court to effect service on the named Defendants and directs the New York State Attorney General to identify the five Doe defendants Plaintiff seeks to sue. Additionally, due to the nature of Plaintiff's claims, Local Civil Rule 33.2 applies to this case.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

I. Discussion

A. Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Cruz, Harrison, Loughran, Campbell, and Chess through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the named Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within ninety days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

B.  Order to Identify the Jane and John Doe Defendants

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d at 76.  In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify Jane Doe Nurse #1-#3 and John Doe Nurse #1-#2, nurses who allegedly denied Plaintiff medical treatment from September 18, 2024, through November 7, 2024.  It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the DOCCS, must ascertain the identity of each Jane or John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.  The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified Jane and John Doe defendants and allege facts describing how each of these defendants violated his rights.  The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

C.  Application of Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## II.  Conclusion

The Clerk of Court is respectfully instructed to issue a summons for each named Defendant, complete the USM-285 form with the address for each of these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.  Additionally, the Clerk of Court is respectfully directed to mail a copy of this order and the complaint to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New Yor, NY 10005.  Lastly, the Clerk of Court is respectfully directed to mail an information package to Plaintiff.  In addition, due to the nature of Plaintiff's claims, Local Rule 33.2 applies to this case.

SO ORDERED.

Dated:    September 24, 2025
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Sergeant Cruz
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, NY 12508-0307

2.    Officer Harrison
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, NY 12508-0307

3.    Officer Loughran
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, NY 12508-0307

4.    Technician Mitchell Chess
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, NY 12508-0307

5.    Nurse S. Campbell
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, NY 12508-0307