UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIJAH POGUE,

                              *Plaintiff*,

              -against-                                    25-CV-6349 (KMK)

CRUZ; HARRISON; LOUGHRAN; S.                              ORDER
CAMPBELL; MITCHELL CHESS; JANE DOE
#1-#3; AND JOHN DOE #1-#2,

                              *Defendants*.

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is currently incarcerated at Lakeview Shock Correctional Facility, brings this Action, pro se, under 42 U.S.C. § 1983, alleging that when he was incarcerated at Fishkill Correctional Facility ("Fishkill"), Defendants forced him to fight another incarcerated individual. (*See generally* Compl. (Dkt. No. 1).)  He also alleges that the medical staff at Fishkill denied him necessary medical attention for a fractured bone that he sustained during the fight.  (*Id.*)  In his Complaint, Plaintiff names Sergeant Cruz, Officer Harrison, Officer Loughran, x-ray Technician Mitchell Chess, Nurse S. Campbell, (collectively the "Named Defendants") and three Jane Doe ("Jane Doe #1-#3") and two John Doe ("John Doe #1-#2) nurses as Defendants.  (*Id.*)  By order dated September 3, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1]  (*See* Order (Dkt. No. 7).)

On September 24, 2025, the Court entered an Order of Service directing the U.S. Marshals to effect service on the named Defendants.  (*See* Order of Service 2 (Dkt. No. 9).)  The Court also issued a *Valentin* Order directing the New York State Attorney General (the "AG"),

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

who is the attorney and agent of the New York State Department of Corrections and Community Supervision ("DOCCS"), to identify Jane Does #1–#3 and John Does #1–#2 and provide Plaintiff with the address(es) where they may be served within 60 days of the Order.  (Order of Service 3.)

On  February 11, 2026, Plaintiff requested an extension of time for service, (Pl.'s Letter to Court (Feb. 19, 2026) (Dkt. No. 16)), which the Court granted, (*see* Order (Dkt. No. 17)).  On February 18, 2026, the Court issued a second *Valentin* Order directing the AG's Office to identify the Jane Does #1–#3 and John Does #1–#2 and provide Plaintiff with the address(es) where they may be served within 30 days of the Order.  (*See* Order (Dkt. No. 17).)  The Court also extended Plaintiff's deadline to serve Jane Does #1–#3 and John Does #1–#2 to 30 days after receiving the requested information from the AG's Office.  (*Id.*)

On March 18, 2026, the AG's Office provided the Court and Plaintiff with the identities and addresses of Jane Does #1–#3 and John Does #1–#2.  (*See* Letter from Gabriel Cahn, Esq. to Court (Mar. 18, 2026) (Dkt. No. 24).)  To date, Plaintiff has not amended his Complaint to include the now-identified Jane Does #1–#3 and John Does #1–#2.  (*See generally* Dkt.)

Accordingly, it is hereby:

ORDERED that Plaintiff shall amend his Complaint, by no later than June 15, 2026, or Plaintiff's claims against the now-identified Jane Does #1–#3 and John Does #1–#2 may be dismissed for failure to prosecute.  *See Armstrong v. Guccione*, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 630–32 (1962)).

2

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:     April 15, 2026
           White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE