UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIJAH POGUE

*Plaintiff*,

v.

SGT. CRUZ, *et al.*,

*Defendants*.

No. 25-CV-6349 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff, proceeding pro se, commenced this Action against Sgt. Cruz, Correctional Officer Harrison, Correctional Officer Loughran, Mitchell Chess, Nurse S. Campbell, and three Jane Doe ("Jane Does #1-#3") and two John Doe ("John Does #1-#2) nurses as Defendants. (*See* Compl. (Dkt. No. 1).) On September 3, 2025, the Court granted Plaintiff's request to proceed in forma pauperis. (*See* Order (Dkt. No. 7).) On September 24, 2025, the Court issued a *Valentin* order directing the Office of the New York State Attorney General ("OAG"), who is the attorney and agent of the New York State Department of Corrections and Community Supervision ("DOCCS"), to identify Jane Does #1–#3 and John Does #1–#2 and provide Plaintiff with the address(es) where they may be served within 60 days of the Order. (*See* Order (Dkt. No. 9).) On February 18, 2026, the Court issued a second *Valentin* order directing OAG to identify the Jane Does #1–#3 and John Does #1–#2 and provide Plaintiff with the address(es) where they may be served within 30 days of the Order. (*See* Order (Dkt. No. 17).) On March 18, 2026, the OAG identified the names and addresses of Jane Does #1–#3 and John Does #1–#2. (*See* Letter from Gabriel Cahn, Esq. to Court (Mar. 18, 2026) (Dkt. No. 24).) On April 15, 2026, the Court ordered Plaintiff to amend his Complaint, by no later than June 15, 2026, to include the now-identified Jane Does #1–#3 and John Does #1–#2. (*See* Order (Dkt. No. 30).) The Court

informed Plaintiff that failure to do so could result in dismissal of the claims against the now-identified Jane Does #1–#3 and John Does #1–#2 for failure to prosecute. (*See id.* at 2.) To date, Plaintiff has not amended his Complaint to include the now-identified Jane Does #1–#3 and John Does #1–#2. (*See generally* Dkt.)

The Court has the authority to dismiss claims for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, the Second Circuit has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to

> be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of the claims against the Jane Does #1–#3 and John Does #1–#2. As to the first factor, Plaintiff has failed to show cause why these claims should not be dismissed by the Court's June 15, 2026 deadline. In fact, Plaintiff has not filed anything on the docket since March 2, 2026. (Dkt. No. 21.) "Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice." *Go Home, Ltd. v. Infinite Harmony, Inc.*, No. 18-CV-4358, 2020 WL 13157535, at *2 (E.D.N.Y. Sept. 17, 2020), *report and recommendation adopted*, 2021 WL 7906530 (E.D.N.Y. May 6, 2021); *see also Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013) (substantively same). As to the second factor, Plaintiff has been warned that the Court may dismiss Plaintiff's claims against Jane Does #1–#3 and John Does #1–#2 for failure to prosecute. (Dkt. No. 30.) As to the third factor, the presumption that Jane Does #1–#3 and John Does #1–#2 will be prejudiced by further delays applies. "Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered." *Go Home, Ltd.*, 2020 WL 13157535, at *2 (citing *Caussade*, 293 F.R.D. at 630). Here, "Plaintiff's lack of action in prosecuting this case creates the presumption that the delay is prejudicial against [Jane Does #1–#3 and John Does #1–#2],

weighing in favor of dismissal." *Id.* As to factor four, dismissing these claims would undoubtedly promote efficiency and ease congestion. And where a Plaintiff "has shown little interest in prosecuting" their claims, failed to comply with the Court's orders, and fallen out of contact, this factor weighs in favor of dismissal. *Caussade*, 293 F.R.D. at 631. The Court is not obligated to allow claims "to languish on the docket," *Davison v. Grillo*, 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006), while it waits for Plaintiff to re-engage in the litigation. Finally, in light of Plaintiff's pro se status, dismissal without prejudice appropriately takes into account the efficacy of lesser sanctions. *See Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

Accordingly, Plaintiff's claims against Jane Does #1–#3 and John Does #1–#2 are dismissed without prejudice for failure to prosecute. *See, e.g.*, *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05- CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months). The Clerk of the Court is respectfully directed to dismiss the claims against Jane Does #1–#3 and John Does #1–#2 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 1, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge